**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ismael MARTINEZ–CARRERO,**
**Defendant–Appellant.**

No. 00–10350.

D.C. No. CR–99–00751–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

Before WALLACE, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM [2]

Ismael Martinez–Carrero appeals the 151–month sentence imposed following his

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

jury conviction for one count of conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Martinez–Carrero contends that the district court erred by enhancing his sentence two levels for obstruction of justice under U.S.S.G. § 3C1.1 because no evidence was presented that he attempted to threaten or intimidate his co-defendant. A district court's factual determinations regarding an enhancement for obstruction of justice are reviewed for clear error and its characterization of defendant's conduct as obstruction under U.S.S.G. § 3C1.1 is reviewed de novo. *See United States v. Shetty*, 130 F.3d 1324, 1333 (9th Cir.1997).

■ We reject Martinez–Carrero's argument that threats or intimidation are necessary in order for the enhancement for obstruction to apply. The enhancement is appropriate when there is evidence of "threatening, intimidating, or *otherwise unlawfully influencing a co-defendant, witness, or juror*, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, comment. (n.4(a)) (1998) (emphasis added); *United States v. Sayetsitty*, 107 F.3d 1405, 1410 (9th Cir.1997).

■ In the instant case, a co-defendant testified at trial that Martinez–Carrero asked him to testify that Martinez–Carrero brought a vehicle to the co-defendant's home, without being aware of what it contained, and that he worked on co-defendant's home. Martinez–Carrero then informed the co-defendant that he would "really appreciate it if you would come across that way."

There is sufficient evidence in the record that Martinez–Carrero attempted to influence his co-defendant to minimize his role in the drug conspiracy to sustain the district court's conclusion that the enhancement for obstruction of justice was applicable. *See Sayetsitty*, 107 F.3d at 1410 (upholding enhancement where defendant signaled to a co-defendant during the co-defendant's testimony); *United States v. Collins*, 90 F.3d 1420, 1430 (9th Cir.1996) (affirming district court's enhancement where defendant instructed other individuals to lie to police).

AFFIRMED.

